## A05A1121. GEORGIA COMMUNITY SUPPORT & SOLUTIONS, INC. v. BERRYHILL.

### (620 SE2d 178)

PHIPPS, Judge.

Georgia Community Support & Solutions, Inc. (GCSS), a non-profit organization that assists disabled adults and their families, sued Shirley Berryhill, whose disabled son had used its services, for defamation and tortious interference with business relationships. The verified complaint alleged that Berryhill had maliciously published false information about GCSS and its executive director, Whitney Fuchs, in e-mails and on an internet website. The trial court dismissed the complaint under Georgia's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, OCGA § 9-11-11.1, finding that Berryhill's statements were privileged and that GCSS had brought the suit for the improper purpose of chilling her right to speak out on an issue of public concern. GCSS appeals, arguing that substantial evidence supported its claims and that Berryhill's statements were not privileged. Because the undisputed facts do not support the trial court's findings, we reverse.

The undisputed facts are as follows. Berryhill's adult son, Robert, suffers from mental retardation and requires constant supervision and care. In July 2000, GCSS placed him with an independently contracted home caregiver. On July 15, 2002, Berryhill posted a message on an internet website for families of disabled adults complaining about the quality of care her son had received from GCSS. In the message, Berryhill stated that her son had been "dumped" at a house where he slept on a "4-foot settee in a back corner, lost a rapid 35-40 pounds, [and] became afraid to speak to [his family]." She further stated that she could not locate him and that GCSS would not tell her where he was. Eventually, she found her son in a "converted single basement garage, with bars on the inner windows." According to the message, her son was not allowed in the house, had no clothes and no bed, had a shaved head, was left in the yard all day as punishment, and was fed chicken bones. A "football player" had punched him repeatedly in the back, shoulders, and head, until the caregiver called the police and had the "thug" arrested.

On February 12, 2003, Berryhill sent an e-mail to about 40 people, including one who worked for the Atlanta Journal-Constitution and one who worked for the Georgia Department of Human Resources. In the e-mail, Berryhill stated that while her son was in GCSS's care, GCSS had not told her where he was; that it had taken her two and a half months to find him; and that when she eventually located him, she learned that he had been kept in a backyard shed and beaten. Berryhill also posted the contents of this e-mail message on the aforementioned website.

GCSS's lawyer sent Berryhill a letter demanding a retraction and apology. When neither was forthcoming, GCSS filed suit. It later submitted verifications from its attorney and Fuchs, as well as affidavits to support its allegations that Berryhill's statements were false. In response, Berryhill filed her own affidavit stating that she had made the statements in a good faith belief that they were true and that she had hoped that "the Atlanta Journal-Constitution, the Department of Human Resources, and other private individuals might be able to investigate the nature of my concerns about my son's treatment and care, and to remedy such concerns, if possible."

After a nonevidentiary hearing, the trial court granted Berryhill's motion to dismiss, finding that GCSS had not met the substantive verification requirements of the anti-SLAPP statute. In particular, the court found that Berryhill's statements were privileged communications and that GCSS had sued her for the improper purpose of preventing her "from bringing the plight of her son under the care of GCSS to the attention of the media, the government and the public at large."

1. The General Assembly enacted the anti-SLAPP statute to encourage Georgians to participate "in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for redress of grievances."[1] The statute requires, among other things, that a written verification under oath accompany any claim asserted against a person arising from an act "which could reasonably be construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances."[2] The statute defines such an act as

> any written or oral statement, writing, or petition made before or to a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, or any written or oral statement, writing, or petition made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.[3]

> The verification must certify that the party and his attorney

> have read the claim; that to the best of their knowledge, information, and belief formed after reasonable inquiry it is

---

[1] OCGA § 9-11-11.1 (a).
[2] OCGA § 9-11-11.1 (b).
[3] OCGA § 9-11-11.1 (c).

well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the act forming the basis for the claim is not a privileged communication under paragraph (4) of Code Section 51-5-7; and that the claim is not interposed for any improper purpose. . . .[4]

OCGA § 51-5-7 (4), in turn, provides that a statement is privileged if it was "made in good faith as part of an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern. . . ."

In *Atlanta Humane Society v. Harkins*,[5] our Supreme Court held that a trial court may dismiss a claim that has been falsely verified.[6] First, the court must make a threshold finding that the anti-SLAPP statute applies and that verification was required; that is, it must find that "the claim involves statements in furtherance of the right of free speech or the right to petition the government, in connection with an issue under consideration or review by a governmental body."[7] Second, the court must make a substantive, evidentiary determination that

> (a) the claimant or his attorney did not reasonably believe that the claim was well grounded in fact and that it was warranted by existing law or a good faith argument for the modification of existing law, (b) the claim was interposed for an improper purpose, or (c) the defendant's statements were privileged pursuant to OCGA § 51-5-7 (4).[8]

Although discovery is stayed upon the filing of a motion to dismiss for failure to comply with the anti-SLAPP statute's verification requirement, the trial court may nevertheless allow limited discovery to resolve the motion.[9]

GCSS argues that the court failed to properly apply the *Atlanta Humane Society v. Harkins* two-step analysis before dismissing its complaint, and we agree. The court found that Berryhill's statements satisfied the threshold requirement for applicability of the anti-SLAPP statute because they "were made in furtherance of her right

---

[4] OCGA § 9-11-11.1 (b).

[5] 278 Ga. 451 (603 SE2d 289) (2004).

[6] Id. at 452.

[7] Id.

[8] Id.

[9] OCGA § 9-11-11.1 (d); *Metzler v. Rowell*, 248 Ga. App. 596, 600 (3) (547 SE2d 311) (2001).

to free speech about an issue of public concern: the safety and care of adults with disabilities." That, however, is not the question. The anti-SLAPP statute does not encompass all statements that touch upon matters of public concern. Rather, by its terms, the statute's application is limited to statements

> made before or to a legislative, executive, or judicial pro-
> ceeding, or any other official proceeding authorized by law,
> or any . . . statement . . . made in connection with an issue
> under consideration or review by a legislative, executive, or
> judicial body, or any other official proceeding authorized by
> law.[10]

Although this description is broad, it does require that the statement in question be made in relation to some official proceeding.[11] There is no evidence that any such proceeding was involved here, either before or after Berryhill's statements.[12] Nor is there any evidence that Berryhill sought to initiate an official proceeding by making the statements. Although she stated in her affidavit that she hoped her e-mails would prompt the Atlanta Journal-Constitution and Georgia Department of Human Resources to look into GCSS's treatment and care of her son, nothing in the e-mails can be construed as a request for any official investigation or other proceeding.[13]

Accordingly, the trial court erred in concluding that the anti-SLAPP statute applied here. GCSS was not required to submit any verification; thus, its complaint could not be dismissed on the basis of alleged shortcomings in its verification.

2. GCSS also argues that its verification did comply with the anti-SLAPP statute and that the anti-SLAPP statute violates its constitutional rights to due process and equal protection of the laws. In light of our decision in Division 1, we do not reach these issues.

3. A substantial portion of Berryhill's appellate brief is devoted to the argument that her statements were not libelous as a matter of law because they were not about GCSS, they were opinion, they were not

---

[10] OCGA § 9-11-11.1 (c).

[11] See generally *Browns Mill Dev. Co. v. Denton*, 247 Ga. App. 232, 235 (1) (c) (543 SE2d 65) (2000) (discussing scope of acts protected by anti-SLAPP statute), aff'd, *Denton v. Browns Mill Dev. Co.*, 275 Ga. 2 (561 SE2d 431) (2002).

[12] Compare *Hawks v. Hinely*, 252 Ga. App. 510, 513 (1) (a) (556 SE2d 547) (2001) (petition filed *before* beginning of proceeding to recall elected officials fell within scope of anti-SLAPP statute).

[13] Compare *Harkins v. Atlanta Humane Society*, 264 Ga. App. 356, 360-361 (2) (590 SE2d 737) (2003) (anti-SLAPP statute applied to statements by former humane society employee that sparked official investigation), rev'd in part on other grounds, *Atlanta Humane Society v. Harkins*, 278 Ga. 451 (603 SE2d 289) (2004).

made maliciously, and they did not harm GCSS. The trial court, however, did not address these issues, which are better resolved on summary judgment or by the jury.[14] Because its ruling was based on GCSS's alleged filing of a false verification under the anti-SLAPP statute, we confine our opinion to that issue, as well.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 1, 2005 —
RECONSIDERATION DENIED AUGUST 23, 2005 — ▮▮▮▮▮▮

*Richard E. Witterman, Jr.*, for appellant.
*Torin D. Togut*, for appellee.

---

[14] See *Mead v. True Citizen*, 203 Ga. App. 361, 362 (417 SE2d 16) (1992) (whether a statement is libelous is usually a jury question). We note that a motion to dismiss for failure to comply with the anti-SLAPP statement is *not* a summary judgment motion, and therefore is not the appropriate vehicle for resolving Berryhill's argument that GCSS cannot prove a common law libel claim. See *Metzler*, supra.