S06A1150, S06A1713. EARTHRESOURCES, LLC v. MORGAN
COUNTY et al. (two cases).
(638 SE2d 325)

BENHAM, Justice.

EarthResources (Morgan County), LLC (hereinafter, Earth-Resources) purchased property in Morgan County zoned for agriculture and sought a written verification of zoning compliance so it could pursue a state permit to build a landfill. See OCGA § 12-8-24 (g). EarthResources asserted its plans met zoning requirements because its landfill would be a public utility and public utility structures were permitted uses under the 1997 zoning ordinance then in effect. When the Board of Commissioners denied the verification after a hearing, EarthResources filed a five-count complaint against Morgan County, its Board of Commissioners, the commissioners individually, and the official who initially denied the verification of zoning compliance (hereinafter collectively, Morgan County). The trial court granted Morgan County's motion for summary judgment on all counts. In response to Morgan County's subsequent motion for attorney fees

---

[12] 278 Ga. 654, 655 (4) (604 SE2d 156) (2004).

under OCGA § 9-15-14, EarthResources, pursuant to OCGA § 9-11-11.1, the anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, filed a motion to dismiss the motion for attorney fees. After a hearing, the trial court granted Morgan County's motion and awarded it attorney fees and, in the same order, denied Earth-Resources' motion to dismiss. In Case No. S06A1150, EarthResources appeals the grant of summary judgment against it and the award of attorney fees, and in Case No. S06A1713, appeals the denial of its anti-SLAPP motion to dismiss Morgan County's motion for attorney fees.

1. Central to EarthResources' assertion that it was entitled to a written verification of zoning compliance were its claim that its landfill would be a public utility and the provision in the zoning ordinance in effect when this case began that public utility structures were permitted uses in areas zoned for agriculture. Absent a finding that its landfill would be a public utility, EarthResources' claim to entitlement to a verification of zoning compliance is without basis.

Morgan County's zoning ordinance in effect when Earth-Resources sought verification of zoning compliance defined public utility as follows: "Entities engaged in regularly supplying the public with some commodity or service which is of public consequence or need, regulated and controlled by a state or federal regulatory commission and which may have the power of eminent domain." EarthResources bases its claim that its landfill would be a public utility on the facts that its corporate charter identifies it as such, that it would supply a service the public needs, and that landfills are regulated and controlled by the Environmental Protection Division of the Georgia Department of Natural Resources. The trial court rejected that argument, holding that a privately-owned landfill is not a public utility. We agree.

Looking to Morgan County's zoning ordinance, and accepting for the purpose of argument that EarthResources' proposed landfill would provide a needed public service, the landfill still fails to meet an essential part of the definition, that it be "regulated and controlled by a state or federal regulatory commission." In considering the authority to regulate public utilities, this Court has held that "the Public Service Commission, rather than any other agency of the executive branch, has authority to regulate public utilities." *Lasseter v. Ga. Public Svc. Comm.*, 253 Ga. 227, 230 (2) (319 SE2d 824) (1984). That holding alone is sufficient to exclude the Department of Natural Resources from the role of a state regulatory commission regulating and controlling public utilities and, therefore, to exclude Earth-Resources' landfill from the category of public utility. That being so, other factors offered by EarthResources in urging its landfill's status as a public utility need not be considered. Since EarthResources'

landfill cannot meet the definition in Morgan County's zoning ordinance, the trial court did not err in granting Morgan County summary judgment on that issue, and since that designation was central to EarthResources' claim of entitlement to verification of zoning compliance, the trial court did not err in granting summary judgment to Morgan County as to all of EarthResources' substantive claims.

2. In the trial court, EarthResources contended it was denied due process in the conduct of the hearing before the Morgan County Board of Commissioners (hereinafter, Board) in that the Board limited the time for EarthResources to argue its position and refused to consider printed material provided by EarthResources at the hearing before voting to deny the verification of zoning compliance EarthResources sought. On appeal, EarthResources offers no argument or authority on these issues, asserting only that the trial court was wrong in concluding that the limit on oral presentation time and the failure to read the proffered materials before voting constituted harmless error. Since the record reflects the trial court did not reach such a conclusion, this enumeration of error presents no issue for appellate consideration.

3. EarthResources claimed in its complaint that the decision of the Board denying verification of zoning compliance was invalid because the meeting of the Board at which verification was denied violated the Open Meetings Act, OCGA § 50-14-1. On appeal, Earth-Resources raises two Open Meetings Act issues: a contention that notice of the meeting was insufficient because the notice was posted at the regular meeting place, but the meeting was conducted at a different location; and a contention that the agenda for the meeting was posted at the wrong site.

Notice of the time and place of meetings subject to the Open Meetings Act is controlled by OCGA § 50-14-1 (d), which reads in pertinent part as follows:

> Every agency shall prescribe the time, place, and dates of regular meetings of the agency. Such information shall be available to the general public and a notice containing such information shall be posted and maintained in a conspicuous place available to the public at the regular meeting place of the agency. Meetings shall be held in accordance with a regular schedule, but nothing in this subsection shall preclude an agency from canceling or postponing any regularly scheduled meeting. Whenever any meeting required to be open to the public is to be held at a time or place other than at the time and place prescribed for regular meetings, the agency shall give due notice thereof. "Due notice" shall be the posting of a written notice for at least 24 hours at the

place of regular meetings and giving of written or oral notice at least 24 hours in advance of the meeting to the legal organ in which notices of sheriff's sales are published in the county where regular meetings are held. . . .

The record in this case establishes without question that notice of the meeting was posted in a timely fashion at the offices of the Board of Commissioners, which was designated as the regular meeting place of the Board, and that the notice properly advised the public that the May 2005 meeting, the meeting at which EarthResources' request for a verification of zoning compliance was denied, would be held at an alternate site. Contrary to EarthResources' argument, there is no evidence that any other site had been designated as the regular meeting place. The evidence made it plain that the notice sufficiently complied with the statute.

Publication of the agenda of a meeting is controlled by OCGA § 50-14-1 (e) (1): "Prior to any meeting, the agency holding such meeting shall make available an agenda of all matters expected to come before the agency at such meeting. The agenda shall be available upon request and shall be posted at the meeting site, as far in advance of the meeting as reasonably possible. . . ." The evidence on this issue established that the agenda for the meeting was available upon request at the office of the Board of Commissioners and was posted on a bulletin board there, but was not posted at the alternate site where the meeting was held. Although the failure to post the agenda at the alternate site constituted a technical violation of the statute, we do not construe the statute so tightly as to consider the failure to comply with the letter of the agenda provision to require invalidation of the decision adverse to EarthResources. The Open Meetings Act

was enacted in the public interest to protect the public — both individuals and the public generally — from "closed door" politics and the potential abuse of individuals and the misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes.

*Atlanta Journal v. Hill*, 257 Ga. 398, 399 (359 SE2d 913) (1987). There is no allegation, much less evidence, in the present case that the technical violation of the agenda-posting requirement deprived EarthResources of a fair and open consideration of its request or in any way impeded the remedial and protective purposes of the Open Meetings Act. Under the unusual circumstances of the present case, in which EarthResources first advocated a closed meeting and later

objected to permitting public participation in the consideration of its request, we consider the posting of the agenda at the regular meeting place of the Board of Commissioners rather than at the actual meeting site to be sufficient compliance with the statute's requirements. Accordingly, we find no error in the trial court's grant of summary judgment to Morgan County on this issue.

4. In Case No. S06A1713, EarthResources appeals from the trial court's denial of its motion to dismiss based on OCGA § 9-11-11.1, Georgia's anti-SLAPP statute. The motion to dismiss was directed at Morgan County's motion for attorney fees filed pursuant to OCGA § 9-15-14 subsequent to the trial court's pronouncement of judgment in favor of Morgan County. We agree with the trial court that the anti-SLAPP statute does not apply to Morgan County's claim for attorney fees.

The General Assembly enacted the anti-SLAPP statute to encourage Georgians to participate in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for redress of grievances. *Georgia Community Support & Solutions v. Berryhill*, 275 Ga. App. 189 (1) (620 SE2d 178) (2005) (aff'd in *Berryhill v. Georgia Community Support & Solutions*, 281 Ga. 439 (638 SE2d 278) (2006)). Here, EarthResources had a full and public consideration of its purported grievance before a court of competent jurisdiction and lost that case on the merits, or more accurately, on the lack of merit in their essential claim. But the anti-SLAPP statute was not intended to immunize from the consequences of abusive litigation a party who "has asserted a claim . . . with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim. . . ." OCGA § 9-15-14 (a). The coverage of the anti-SLAPP statute extends to " 'abusive litigation that seeks to chill exercise of certain First Amendment rights' based upon defamation, invasion of privacy, breach of contract, and intentional interference with contractual rights and opportunities arising from speech and petition of government. [Cit.]" *Browns Mill Dev. Co. v. Denton*, 247 Ga. App. 232, 233 (1) (543 SE2d 65) (2000). It plainly does not extend to protecting those who abuse the judicial process. Thus, the trial court was correct in holding the anti-SLAPP statute inapplicable to Morgan County's claim for attorney fees pursuant to OCGA § 9-15-14.

5. The trial court's award of attorney fees to Morgan County pursuant to OCGA § 9-15-14 (a) was based on its finding that Earth-Resources' claim "that its landfill is a public utility is unsupported by any authority whatsoever and lacks common sense" and its conclusion of law that the claim lacked any justiciable issue of law or fact and it could not be reasonably believed that a court would accept that

claim. "An award under OCGA § 9-15-14 (a) must be sustained if there is any evidence to support it." *Reece v. Smith*, 276 Ga. 404, 408 (4) (577 SE2d 583) (2003). Since there is neither evidence nor statutory or case law in support of EarthResources' claim that its landfill would be a public utility, and the case law cited above in the discussion of the merits of EarthResources' claim makes it clear that EarthResources' proposed landfill could not fit that role, the trial court's award of attorney fees is affirmed.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*George E. Butler II*, for appellant.
*Christian G. Henry*, for appellees.