A09A1061. LOVETT v. CAPITAL PRINCIPLES, LLC et al.
(686 SE2d 411)

ANDREWS, Presiding Judge.

The trial court dismissed Katie Lovett's complaint against Capital Principles, LLC and other defendants on the basis that Lovett failed to file with her complaint the written verifications required by subsection (b) of OCGA § 9-11-11.1, Georgia's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute. Lovett contends on appeal that the verifications were not required because the anti-SLAPP statute did not apply to the claims asserted in the complaint. We find that the trial court correctly determined that the statute applied, and we affirm the dismissal of the complaint.

The anti-SLAPP statute advances a public interest to encourage citizens to participate in matters of public significance by exercising the constitutional rights to free speech and to petition the government for redress of grievances, and does so by ensuring that those rights are not chilled through abuse of the judicial process. OCGA § 9-11-11.1 (a); *Atlanta Humane Society v. Harkins*, 278 Ga. 451, 452 (603 SE2d 289) (2004). Subsection (b) of the statute provides that, when a complaint is filed asserting a claim "against a person or entity arising from an act by that person or entity which could reasonably be construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern," then written verifications must be filed contemporaneously with the complaint which certify

> that the party and his or her attorney of record, if any, have read the claim; that to the best of their knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the act forming the basis for the claim is not a privileged communication under paragraph (4) of Code Section 51-5-7; and that the claim is not interposed for any improper purpose such as to suppress a person's or

> entity's right of free speech or right to petition government, or to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

OCGA § 9-11-11.1 (b). Subsection (b) further provides that, "[i]f the claim is not verified as required by this subsection, it shall be stricken unless it is verified within ten days after the omission is called to the attention of the party asserting the claim." OCGA § 9-11-11.1 (b). When a subsection (b) verification of a claim is timely filed, if the trial court determines that the verification is false because the claim infringes on the rights of free speech or petition as defined by the statute, the claim may be dismissed. *Harkins*, 278 Ga. at 454; *Metzler v. Rowell*, 248 Ga. App. 596, 598 (547 SE2d 311) (2001). Before considering whether a verification is false, the trial court must as a threshold matter find that the anti-SLAPP statute applies to the claim and that verification was required. *Harkins*, 278 Ga. at 452; *Metzler*, 248 Ga. App. at 600.

Lovett did not file subsection (b) verifications with the complaint or within ten days after the defendants answered and called the alleged omission to her attention, so this case does not involve dismissal for false verification. Rather, the defendants moved the trial court to strike the claims asserted in the complaint and to dismiss the complaint on the basis that Lovett failed to file the required verifications. If the anti-SLAPP statute applies to a claim asserted in a complaint, and the plaintiff fails to timely file the required subsection (b) verifications, the defendant is entitled to have the claim stricken and the complaint dismissed. *Hawks v. Hinely*, 252 Ga. App. 510-515 (556 SE2d 547) (2001); *Metzler*, 248 Ga. App. at 598, 600. Accordingly, the defendants' motion raised the threshold issue — whether the anti-SLAPP statute applied to the claims asserted in the complaint.

The trial court held a hearing on the motion and considered not only the allegations of the complaint but also the results of discovery bearing on the issue before the court.[1] The complaint shows that Lovett sued Capital Principles, LLC and its chief executive officer, Scot Armstrong, along with Gleaton Consulting, LLC and its sole manager and member, Walter Davis Gleaton, alleging that the defendants slandered her and interfered with her business relations with her former employer, the Fulton County Schools (FCS). After

---

[1] Although OCGA § 9-11-11.1 (d) provides that all general discovery and pending hearings and motions in the action are stayed when a motion to strike or dismiss is made pursuant to the anti-SLAPP statute, the statute also provides that the trial court is entitled to consider specified discovery in conjunction with the motion to strike or dismiss. *Metzler*, 248 Ga. App. at 600.

considering the pleadings and discovery evidence, the trial court found that the claims in the complaint asserted that the defendants were hired by the Fulton County School Board to advise and make recommendations to the Board regarding an issue under consideration by the Board — the implementation of a computer software program in the FCS; that in giving advice and making recommendations to the Board in connection with their employment, the defendants made observations to the Board which were critical of the technology department which Lovett managed for the FCS;[2] and that Lovett claimed these observations amounted to slander and interference with her business relations. Lovett does not dispute the trial court's conclusion that all her claims are based on speech, but she contends the speech at issue is not covered by the anti-SLAPP statute.

The trial court found that the anti-SLAPP statute applied and that verification pursuant to subsection (b) was required because the complaint asserted claims arising from acts (statements) made by the defendants to the Board "which could reasonably be construed as an act in furtherance of the right of free speech . . . in connection with an issue of public interest or concern." OCGA § 9-11-11.1 (b). Under subsection (c) of the statute, such an act is defined as

> any written or oral statement, writing, or petition made before or to a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, or any written or oral statement, writing, or petition made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.

*Berryhill v. Ga. Community Support &c.*, 281 Ga. 439, 440-442 (638 SE2d 278) (2006). We conclude that the Fulton County School Board's consideration or review of the issue of how to implement the computer program in the FCS was an "official proceeding authorized by law" within the meaning of the anti-SLAPP statute, and that the defendants made written or oral statements to the Board in connection with the issue under consideration or review in this proceeding. OCGA § 9-11-11.1 (c). It follows that the subsection (b) verifications were required because the complaint asserted claims arising from acts by the defendants "which could reasonably be construed as [acts] in furtherance of the right of free speech . . . in connection with an issue of public interest or concern." OCGA § 9-11-11.1 (b);

---

[2] The trial court found that Lovett admitted in discovery responses that the statements at issue were made about the department as a whole and did not mention Lovett, individually.

*Berryhill*, 281 Ga. at 442; *Metzler*, 248 Ga. App. at 598.

Contrary to Lovett's contention, nothing in the anti-SLAPP statute rendered the verification requirement inapplicable just because the defendants acted while engaged in a commercial transaction. The intent of the anti-SLAPP statute is to encourage the exercise of constitutionally protected free speech.[3] *Denton v. Browns Mill Dev. Co.*, 275 Ga. 2, 6 (561 SE2d 431) (2002). Purely "commercial speech" — the classic example is advertising — "which does no more than propose a commercial transaction," is entitled to First Amendment free speech protection (though to a lesser degree than constitutionally protected noncommercial speech) only if the speech concerns lawful activity and is not misleading. *Virginia State Bd. of Pharmacy v. Virginia Citizens &c., Inc.*, 425 U. S. 748, 762, 771-772 (96 SC 1817, 48 LE2d 346) (1976); *Central Hudson Gas &c. v. Public Svc. Comm. &c.*, 447 U. S. 557, 561-566 (100 SC 2343, 65 LE2d 341) (1980); *Zauderer v. Office of Disciplinary Counsel &c.*, 471 U. S. 626, 637 (105 SC 2265, 85 LE2d 652) (1985). Lovett alleged that the speech at issue was false and slanderous. But the mere fact that speech is motivated by a commercial consideration or addresses a commercial subject does not make it "commercial speech" or lessen the constitutional protection to which the speech is entitled. See *Harris v. Entertainment Systems*, 259 Ga. 701, 702, n. 1 (386 SE2d 140) (1989). The present record does not reflect the specific speech at issue but shows only that the defendants made factual comments in connection with a public issue before the Board in the context of being employed to give advice on that issue. Making factual observations about a commercial matter, even where the speaker has an economic motivation for doing so, is generally not pure commercial speech "which does 'no more than propose a commercial transaction.' " *Virginia State Bd. of Pharmacy,* 425 U. S. at 761-762. Because the speech at issue could reasonably be construed as constitutionally protected free speech to which the anti-SLAPP statute applied, the trial court did not err by finding that verification under the statute was required. OCGA § 9-11-11.1 (a), (b).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur specially.*

---

[3] The statute applies to protected speech by any "person or entity." OCGA § 9-11-11.1 (b). "The identity of the speaker is not decisive in determining whether speech is protected. Corporations and other associations, like individuals, contribute to the discussion, debate, and the dissemination of information and ideas that the First Amendment seeks to foster." (Punctuation omitted.) *Pacific Gas &c. v. Public Utilities Comm. &c.*, 475 U. S. 1, 8 (106 SC 903, 89 LE2d 1) (1986) (plurality opinion).

BARNES, Judge, concurring specially.

While I concur in the conclusion of the majority opinion, I do not agree with all that is said. We need not consider whether the plaintiff's claim violated the anti-SLAPP statute because the appellate record does not contain the evidence on which the trial court relied in making its factual findings. "We are limited in our review to matters contained in the appellate record," and thus, we must affirm the trial court's findings and conclusions which are based on evidence not contained in the record. *Metzler v. Rowell*, 248 Ga. App. 596, 601 (4), n. 4 (547 SE2d 311) (2001).

Under OCGA § 9-11-11.1 (b), a plaintiff has ten days to file a verification affirming that the complaint is not a SLAPP suit after its omission is called to her attention. If the plaintiff fails to file a verification, or files one the defendant claims is false, then the trial court must determine whether the anti-SLAPP statute applies and verification was required. *Atlanta Humane Society v. Harkins*, 278 Ga. 451, 452 (603 SE2d 289) (2004).[4] Claims arising from an act of the defendant which "could reasonably be construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern" require verification. OCGA § 9-11-11.1 (b). If the complaint cannot be reasonably construed as being asserted against a person for an act furthering free speech or the right to petition government, then failure to file a verification is not a ground to dismiss the complaint. *Ga. Community Support &c. v. Berryhill*, 275 Ga. App. 189, 192 (620 SE2d 178) (2005), aff'd, 281 Ga. 439 (638 SE2d 278) (2006) (online comments about nonprofit were not related to official proceeding and did not further right of free speech or right to petition government regarding issue of public concern).

In considering a motion to dismiss based on the anti-SLAPP statute, the trial court may consider evidence in addition to the complaint. While OCGA § 9-11-11.1 (d) stays discovery when a defendant moves to dismiss an action based upon the anti-SLAPP statute, it also allows the court to order that specified discovery or other hearings or motions be conducted notwithstanding this subsection "to obtain evidence for use in resolving a motion to dismiss pursuant to OCGA § 9-11-11.1 (b)." *Atlanta Humane Society v.*

---

[4] If the statute applied and plaintiff filed a verification, the trial court would then determine whether the verification was false. *Hagemann v. Berkman Wynhaven Assoc.*, 290 Ga. App. 677, 681 (660 SE2d 449) (2008). As Lovett never filed a verification, the trial court did not have to reach this step.

*Harkins*, supra, 278 Ga. at 453; *Metzler v. Rowell*, supra, 248 Ga. App. at 600 (3).

In this case, the trial court noted in its order that Lovett failed to respond to Capital Principles' motion to dismiss or strike for failing to include a verification pursuant to the anti-SLAPP statute and failed to respond to the company's opposition to Lovett's voluntary dismissal without prejudice. The court also noted that Lovett argued at a hearing on the motions that the defendants slandered her and interfered with her employment contract while procuring and executing a contract with the Fulton County school system. According to the trial court, Capital Principles contacted a school board member with a business proposition regarding quality control during an upcoming computer project, and the board voted to hire the company. Part of the company's job was to observe Lovett's department and make recommendations regarding the program implementation. Lovett complained of a March 3, 2006 letter to the school board regarding the SAP computer program, and the trial court found that the letter contained observations about the department as a whole and not about Lovett individually. Lovett did not dispute this fact, according to the court, based on her interrogatory answers.

Neither the March 3, 2006 letter nor Lovett's interrogatory answers are included in the record, and therefore we cannot review them to consider whether they established that Lovett's suit was subject to dismissal pursuant to OCGA § 9-11-11.1. Additionally, the hearing was not transcribed, and thus we cannot ascertain the basis for the trial court's conclusions regarding Capital Principles' contractual obligations. Accordingly, we must accept the court's factual findings as true and affirm the trial court's dismissal of Lovett's action with prejudice.

For these reasons, I concur specially with the majority opinion.

DECIDED NOVEMBER 6, 2009.

*Stephen M. Katz*, for appellant.

*Gray, Rust, St. Amand, Moffett & Brieske, Michael J. Rust, Debra K. Haan, Swift, Currie, McGhee & Hiers, Alicia Timm, Bradley S. Wolff*, for appellees.