**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 8, 2019**

# In the Court of Appeals of Georgia

A19A0588. GEER v. PHOEBE PUTNEY HEALTH SYSTEM, INC.

MILLER, Presiding Judge.

In this interlocutory appeal, Claude Wilson Geer seeks review of the trial court's order denying his motion under the anti-SLAPP statute (OCGA § 9-11-11.1) to strike Phoebe Putney Health System, Inc.'s ("Phoebe Putney") counterclaim for attorneys' fees. Geer argues that the trial court erred in its conclusion that he did not present a prima facie case that the anti-SLAPP statute applied to Phoebe Putney's counterclaim. We conclude that the trial court properly determined that the anti-SLAPP statute does not apply to Phoebe Putney's counterclaim, and so we affirm.

Geer filed the instant lawsuit under the Georgia Open Records Act (OCGA § 50-18-70, et seq.) to compel Phoebe Putney to release all the minutes from Phoebe

Putney's board meetings from January 2008 through December 2017. Phoebe Putney answered the complaint, asserting multiple defenses and a counterclaim for attorneys' fees under OCGA § 50-18-73 (b), which allows for an award of attorneys' fees in any action brought under the Georgia Open Records Act "in which the court determines that either party acted without substantial justification either in not complying with this chapter or in instituting the litigation." Geer then filed a motion to strike Phoebe Putney's counterclaim as in violation of Georgia's anti-SLAPP statute, alleging that the counterclaim was an effort to chill his right to petition the government and his right of free speech. Following a hearing, the trial court denied Geer's motion to strike the counterclaim after concluding that he did not make a prima facie showing that the anti-SLAPP statute applied to the counterclaim. This timely appeal followed.

1. In his three related enumerations of error, Geer argues that the trial court erred when it denied his motion to strike Phoebe Putney's counterclaim and in its conclusion that he did not present a prima facie case that the anti-SLAPP statute applied to Phoebe Putney's counterclaim under § 50-18-73 (b). We disagree.

We review de novo the denial of a motion to dismiss under the anti-SLAPP statute. *Emory Univ. v. Metro Atlanta Task Force for the Homeless, Inc.*, 320 Ga. App. 442, 443 (740 SE2d 219) (2013).

2

Our court has not yet addressed whether the anti-SLAPP statute applies to claims for attorneys' fees under OCGA § 50-18-73 (b). Nevertheless, we conclude that this case is completely controlled by our decision in *Paulding County v. Morrison*, 316 Ga. App. 806, 810-811 (II) (728 SE2d 921) (2012). In *Paulding County*, we held that the anti-SLAPP statute did not apply to the defendant's claim for attorneys' fees because we concluded that, among other reasons, the statute "does not preclude a party defending a lawsuit from preserving its right to seek attorney fees and expenses if the lawsuit later is determined to lack substantial justification." (Citations omitted.) Id. at 811 (II). That is exactly what Phoebe Putney has done in this case, and so its counterclaim similarly falls outside the purview of the anti-SLAPP statute.

Geer attempts to distinguish our decision in *Paulding County* on the basis that the request for attorneys' fees in that case was not styled as a counterclaim, but we find this distinction unpersuasive. While the anti-SLAPP statute does speak in terms of "claim[s] for relief," OCGA § 9-11-11.1 (b) (1), in this case, whether Phoebe Putney's request for fees is styled as a counterclaim or as a separate motion, it is relying on an alleged lack of substantial justification for Geer's claims as its basis for relief. "The coverage of the anti-SLAPP statute extends to abusive litigation that

3

seeks to chill exercise of certain First Amendment rights based upon defamation, invasion of privacy, breach of contract, and intentional interference with contractual rights and opportunities arising from speech and petition of government." (Citation and punctuation omitted.) *EarthResources, LLC v. Morgan County*, 281 Ga. 396, 401 (4) (628 SE2d 325) (2006). "[T]he anti-SLAPP statute was not intended to immunize [parties] from the consequences of abusive litigation. . . [and] [i]t plainly does not extend to protecting those who abuse the judicial process." Id.

Accordingly, we conclude that the anti-SLAPP statute does not apply to Phoebe Putney's counterclaim under OCGA § 50-18-73 (b) and affirm the trial court's order denying Geer's motion to strike.

*Judgment affirmed. Rickman and Reese, JJ., concur.*