S04G0613. ATLANTA HUMANE SOCIETY et al. v. HARKINS.
S04G0684, S04G0685. ATLANTA HUMANE SOCIETY et al.
v. MILLS (two cases).
(603 SE2d 289)

CARLEY, Justice.

The Atlanta Humane Society (AHS) provided animal control services for Fulton County and the City of Atlanta. During a television news investigation, Barbara Harkins, a former AHS employee, made several statements which the TV station broadcast and which were critical of AHS's methods and procedures and of its executive director, Bill Garrett. Thereafter, Kathi Mills also criticized AHS and Garrett (Appellants) in a series of statements posted on an internet message board. Appellants brought these defamation actions in the Superior Court of Cobb County against Harkins and in the Superior Court of Gwinnett County against Mills (Appellees), but failed to verify the complaints pursuant to the anti-SLAPP (Strategic Lawsuits Against Public Participation) statute. OCGA § 9-11-11.1 (b).

The trial courts denied motions to dismiss, because Appellants amended their complaints so as to provide the verifications. The Cobb County court also denied a second motion to dismiss which was based on the substantive contention that Appellants unlawfully initiated the suit in response to Harkins' exercise of her right to free speech. The Gwinnett County court held that any claim by Mills "that OCGA § 9-11-11.1 grants to [her] substantive rights, rather than mere procedural guarantees, which this Court must determine in a preliminary manner prior to this case proceeding to trial is without merit. [Cit.]" In the same order, the Gwinnett County court also granted summary judgment against AHS, finding it to be a governmental entity which cannot bring an action for defamation, and denied the motion for summary judgment as to Garrett, but found that he was a limited-purpose public figure with regard to this controversy.

On interlocutory appeal by Harkins, the Court of Appeals reversed, holding that, "despite compliance with the procedural verification requirements, a claim may still be dismissed based on the substantive protection that the anti-SLAPP statute provides for

persons who exercise their right to free speech." *Harkins v. Atlanta Humane Society*, 264 Ga. App. 356, 358 (1) (590 SE2d 737) (2003). On the same basis, the Court of Appeals also reversed the order denying Mills' motion to dismiss. *Atlanta Humane Society v. Mills*, 264 Ga. App. 597 (591 SE2d 423) (2003). In both cases, the Court of Appeals directed the trial court, upon receipt of the remittitur, to dismiss the complaint because the undisputed facts of record showed that Appellees had a substantive right to comment on this matter of public concern. *Harkins v. Atlanta Humane Society*, supra at 360 (2); *Atlanta Humane Society v. Mills*, supra. The Court of Appeals further held that the summary judgment rulings with respect to the claims against Mills were moot. *Atlanta Humane Society v. Mills*, supra at 598.

This Court granted certiorari and consolidated the cases, in order to review the Court of Appeals' analysis of the anti-SLAPP statute. We conclude that OCGA § 9-11-11.1 (b) authorizes the dismissal of a claim if it is falsely verified. However, dismissal cannot be based solely on evidence that the claim involves statements in furtherance of the right of free speech or the right to petition the government, in connection with an issue under consideration or review by a governmental body. Once the trial court makes that threshold decision, it cannot dismiss the claim unless it also determines that (a) the claimant or his attorney did not reasonably believe that the claim was well grounded in fact and that it was warranted by existing law or a good faith argument for the modification of existing law, (b) the claim was interposed for an improper purpose, or (c) the defendant's statements were privileged pursuant to OCGA § 51-5-7 (4). Because the Court of Appeals failed to conclude that the undisputed facts showed any of these additional statutory requirements, we reverse the judgments and remand the cases to the Court of Appeals for further examination of the records in light of this opinion and for consideration of remaining enumerations of error.

1. Although anti-SLAPP statutes vary significantly, they typically provide "for an early means of testing the *bona fides* of the plaintiff's claim and for some combination of costs, legal fees and damages to be awarded to the defendant for the plaintiff's initiation of *groundless* litigation." (Emphasis supplied.) PLI, Sack on Defamation, § 10.11.2 (2003). As stated in OCGA § 9-11-11.1 (a), the purposes of Georgia's anti-SLAPP statute are to encourage citizen participation in matters of public significance through the exercise of the right of free speech and the right to petition the government for redress of grievances, and to prevent their valid exercise from being chilled through abuse of the judicial process. To accomplish these purposes,

"[t]he crucial statutory provision is OCGA § 9-11-11.1 (b) . . . ." *Denton v. Browns Mill Dev. Co.*, 275 Ga. 2, 4 (561 SE2d 431) (2002) (quoting subsection (b) in full).

The first two sentences of subsection (b) require only that the claimant file a written verification containing several certifications. The third sentence, which requires that the claim be stricken unless verified within ten days, applies "[i]f the claim is not verified as required by this subsection . . . ." Thus, the third sentence applies whenever a verification fails to comply with each procedural requisite set forth in the first two sentences, regardless of whether "the verification is completely omitted or merely deficient upon filing. . . ." *Hawks v. Hinely*, 252 Ga. App. 510, 515 (1) (c) (556 SE2d 547) (2001). However, "verification does not end the matter" because the trial "court can ultimately reject the verification. . . ." *Denton v. Browns Mill Dev. Co.*, supra at 7. The fourth and last sentence of OCGA § 9-11-11.1 (b), which permits dismissal, applies "[i]f a claim is verified in violation of this Code section . . . ." This sentence addresses a different failure of the claimant than does the third sentence, since the General Assembly is presumed to intend something by the inclusion of the last sentence and, therefore, we must construe it so as not to render it meaningless. *Chatman v. Findley*, 274 Ga. 54, 55 (548 SE2d 5) (2001).

An important difference between the third and fourth sentences of OCGA § 9-11-11.1 (b) is in the specified sanctions. While the fourth sentence permits dismissal of the claim, the third sentence imposes the mandatory sanction of striking the claim. When that sanction is provided elsewhere in the Civil Practice Act, it does not in any way involve the consideration of matters outside the pleadings. OCGA § 9-11-12 (f); *Unigard Ins. Co. v. Kemp*, 141 Ga. App. 698, 700 (4) (234 SE2d 539) (1977). Motions to dismiss, on the other hand, often are resolved through the use of affidavits or other evidence or are converted into motions for summary judgment. OCGA §§ 9-11-12 (b), (d), 9-11-43 (b). See also *Metzler v. Rowell*, 248 Ga. App. 596, 600 (3) (547 SE2d 311) (2001). Subsection (d) of OCGA § 9-11-11.1, which provides for a stay of discovery upon the filing of a motion pursuant to subsection (b), also allows a motion for specified discovery. *Metzler v. Rowell*, supra. The sole possible reason for even limited discovery during a verification dispute is to obtain evidence for use in resolving a motion to dismiss pursuant to OCGA § 9-11-11.1 (b). See *Metzler v. Rowell*, supra at 600-601 (3).

Furthermore, the fourth sentence of subsection (b) provides for an award of reasonable expenses and attorney's fees, but there is no such provision "[i]f the claim is not verified as required by this subsection." This statutory scheme best fits an interpretation of the

fourth sentence which contemplates a substantive, evidentiary proceeding to determine the truth of the claimant's certifications, since such a proceeding ordinarily would involve much more serious conduct by the SLAPP claimant and significantly higher litigation expenses than would the straightforward procedural determination in the third sentence.

Therefore, the only reasonable construction of the fourth sentence of OCGA § 9-11-11.1 (b) is that the trial court may dismiss the claim if it makes a substantive, evidentiary determination that such claim is falsely verified. As the Court of Appeals previously held, the mechanical, procedurally sufficient filing of a verification does not preclude dismissal if the trial court finds that the claim infringes on the rights of free speech or petition as defined by the statute. *Metzler v. Rowell*, supra at 598 (1). Even if the litigant verifies the claim, a subsequent finding by the trial court that the claim was falsely verified authorizes the court to dismiss it and to impose sanctions. Note, *Don't Raise That Hand: Why, Under Georgia's Anti-SLAPP Statute, Whistleblowers Should Find Protection from Reprisals for Reporting Employer Misconduct*, 38 Ga. L. Rev. 769, 785 (II) (B) (2004).

Accordingly, the Court of Appeals correctly held that a claim may be dismissed based on the substantive protection of the anti-SLAPP statute:

> The plain language of OCGA § 9-11-11.1 (b) authorizes dismissal of a claim [in the absence of a reasonable belief that it is] "well grounded in fact," [and] "warranted by . . . a good faith argument" or "existing law," or if the statements are "privileged [. . . under paragraph (4) of Code Section 51-5-7]." Determining whether any of these aforementioned grounds applies requires more than a simple determination as to whether an affidavit was filed within a specified time. Based on the plain language of the statute, existing case law, and the statute's express purpose, we hold that the verification requirement of the anti-SLAPP statute is procedural in nature in that verifications must contain certain assertions and must be filed within a certain time, but is also substantive in nature in that to determine whether the requirements of the statute have been met, the court must take a substantive look at the verification offered to ensure that the underlying lawsuit has not been initiated for an improper purpose.

*Harkins v. Atlanta Humane Society*, supra at 360 (1).

2. However, the Court of Appeals did not remand the case for the trial court to make a substantive determination under the anti-SLAPP statute. Instead, the Court of Appeals held that dismissal was required as a matter of law because the undisputed facts of record showed that Appellees' statements were clearly acts in furtherance of their right of free speech in connection with an issue of public concern as defined by OCGA § 9-11-11.1 (c) and existing case law. *Harkins v. Atlanta Humane Society*, supra at 360 (2); *Atlanta Humane Society v. Mills*, supra.

"Nothing in [OCGA § 9-11-11.1] shall affect or preclude the right of any party to any recovery otherwise authorized by common law, statute, law, or rule." OCGA § 9-11-11.1 (e). The anti-SLAPP "statute, obviously, does not give blanket protection against suits filed against one acting in the public arena, but requires that the plaintiff make the stated verification. Thus, the statute does not sanction conduct that is otherwise tortious . . . ." *Denton v. Browns Mill Dev. Co.*, supra at 5.

The anti-SLAPP law applies whenever any claim is asserted against a person arising from an act by that person "which could reasonably be construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern . . . ." OCGA § 9-11-11.1 (b). Subsection (c) defines such an act to include a statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body. These provisions do not make any substantive change in the law. OCGA § 9-11-11.1 (e); *Denton v. Browns Mill Dev. Co.*, supra. To the contrary, the statute is violated only by either a procedurally deficient or a false verification that (a) the claim is reasonably believed to be "well grounded in fact" and "warranted by existing law or a good faith argument" for the modification of existing law, (b) "that the claim is not interposed for any improper purpose," or (c) "that the act forming the basis for the claim is not a privileged communication under paragraph (4) of Code Section 51-5-7." OCGA § 9-11-11.1 (b).

The legislation which added OCGA § 9-11-11.1 to the Civil Practice Act made only one substantive change in the law, which was the enactment of OCGA § 51-5-7 (4). That addition to the statute on privileged communications created a new privilege for statements as defined in OCGA § 9-11-11.1 (c), so long as they are "made in good faith . . . ." OCGA § 51-5-7 (4). "In *every* case of privileged communications, if the privilege is used merely as a cloak for venting private malice and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action." (Emphasis supplied.) OCGA § 51-5-9. The interlocking provisions of OCGA §§ 9-11-11.1 (b), (c) and 51-5-7 (4) confirm that merely meeting the description of a claim which comes within the purview of the

anti-SLAPP statute does not require dismissal. Before the trial court is authorized to dismiss the claim, it must further determine that the statements were made in good faith, or that the claim is interposed for an improper purpose or without a reasonable belief that it is well grounded in fact and is warranted by good-faith reliance on existing substantive law. OCGA § 9-11-11.1 (b). See also OCGA § 9-11-11.1 (e); *Browns Mill Dev. Co. v. Denton*, 247 Ga. App. 232, 236 (1) (c) (543 SE2d 65) (2000), aff'd, *Denton v. Browns Mill Dev. Co.*, supra. The Court of Appeals failed to consider this essential step in anti-SLAPP analysis and to look beyond the threshold definitions in OCGA § 9-11-11.1 (b), (c). Contrary to the dissent, we do not rely on the absence of "magic words" in the Court of Appeals' opinion or disregard its clear import. Although the Court of Appeals expressly determined that, under the undisputed facts, Appellees' statements were acts in furtherance of their right of free speech in connection with an issue of public concern, it did not review evidence relevant to, or otherwise explicitly or implicitly make, the remaining determination mandated by OCGA § 9-11-11.1 (b). Instead, the Court of Appeals completely disregarded all of the substantive grounds for dismissing suits set forth in that statute. *Harkins v. Atlanta Humane Society*, supra at 360 (2); *Atlanta Humane Society v. Mills*, supra. Thus, although the Court of Appeals concluded that the statements were protected under the anti-SLAPP statute, that conclusion was based upon an erroneous application of only a part of the relevant statute to the facts of record.

Therefore, we remand these cases for the Court of Appeals to examine the records further. See *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003). If there is any evidence that Appellees' statements were not made in good faith, that the claim was well grounded in fact, and that Appellants relied on existing law in good faith and without an improper purpose, then the Court of Appeals would be required to remand the *Harkins* case for the trial court to determine whether Appellants' claims were falsely verified. In the *Mills* case, such a remand may also be necessary, or the remaining enumerations of error regarding the trial court's summary judgment rulings may render the anti-SLAPP issue moot.

*Judgments affirmed in part and reversed in part and cases remanded with direction. All the Justices concur, except Fletcher, C. J., and Sears, P. J., who concur in part and dissent in part.*

FLETCHER, Chief Justice, concurring in part and dissenting in part.

I concur with the interpretation of OCGA § 9-11-11.1, Georgia's anti-SLAPP statute, in Division 1 of the majority opinion. However,

I dissent to Division 2 of the majority opinion remanding the cases to the Court of Appeals because that court has already made the substantive determination the majority seeks.

The majority has decided to remand the cases only because the Court of Appeals's rulings did not explicitly state that Harkins and Mills made the complained-about statements "in good faith" (majority opinion, p. 452). A defendant's good faith is necessary for the statements to be privileged under OCGA § 51-5-7 (4), one of three substantive means for dismissing suits under the anti-SLAPP statute.[1] But the Court of Appeals's rulings clearly show that the court deemed the undisputed evidence in these cases insufficient to maintain an action against either Harkins or Mills under the anti-SLAPP statute because their statements were privileged under OCGA § 51-5-7 (4). The statutes do not require a court to use the magic words "in good faith" to dismiss a claim, and the clear import of the Court of Appeals's holdings was that the statements were made in good faith.[2] Therefore, I dissent to the majority's decision to remand.

The purpose of the anti-SLAPP statute is to quickly end oppressive and speech-chilling litigation against those who attempt to participate in discussions on matters of public importance. Harkins and Mills have already endured far too many court proceedings for attempting to enhance public discourse on important issues regarding the treatment of animals, and the Court of Appeals was correct in holding that the suits against them should be dismissed.

I am authorized to state that Presiding Justice Sears joins in this opinion.

DECIDED SEPTEMBER 27, 2004.

Lipshutz, Greenblatt & King, Edward L. Greenblatt, James V. Zito, Janet L. Bozeman, for appellants.

Stuckey & Manheimer, Hollie G. Manheimer, Gerald R. Weber, Begner & Begner, Alan I. Begner, Katie K. Wood, for appellees.

---

[1] As the majority opinion correctly states, a claim can also be dismissed under the anti-SLAPP statute if "the claimant or his attorney did not reasonably believe that the claim was well grounded in fact and that it was warranted by existing law or a good faith argument for the modification of existing law . . . [or] the claim was interposed for an improper purpose . . ." (majority opinion, p. 452).

[2] Harkins v. Atlanta Humane Society, 264 Ga. App. 356, 360 (590 SE2d 737) (2003) ("the undisputed facts of record here indicate that the statements made by Harkins were protected statements under the anti-SLAPP statute"); Atlanta Humane Society v. Mills, 264 Ga. App. 597 (591 SE2d 423) (2003) (lawsuit against Mills should be dismissed for same reason the Court of Appeals dismissed the lawsuit against Harkins).

*Douglas P. Haines, Dion A. Sullivan, Justine I. Thompson, Craig L. Goodmark, Joyner & Burnette, Mary Margaret Oliver, George L. Howell, Gary M. Newberry, William A. Mudd*, amici curiae.