A03A1422. HARKINS v. ATLANTA HUMANE SOCIETY et al.
(618 SE2d 16)

MILLER, Judge.

In *Atlanta Humane Society v. Harkins*, 278 Ga. 451 (603 SE2d 289) (2004), the Supreme Court of Georgia affirmed this Court's holding that Georgia's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute provides substantive defamation-lawsuit protection for individuals who exercise their right of free speech on matters of public concern. See id. at 454 (1); *Harkins v. Atlanta Humane Society*, 264 Ga. App. 356, 360 (1) (590 SE2d 737) (2003); see also OCGA § 9-11-11.1 (b). However, the Supreme Court remanded the case to this Court with the direction that we "examine the records further" to make an explicit finding on whether (a) the defamation suit asserted by the Atlanta Humane Society (AHS) against Harkins was reasonably believed to be well grounded in fact and warranted by existing law or a good faith argument for the modification of existing law, (b) the claim was interposed for any improper purpose, or (c) the statements made by Harkins that formed the basis for AHS's claim were privileged communications under OCGA § 51-5-7 (4). See *Atlanta Humane Society*, supra, 278 Ga. at 455-456 (2); see also OCGA § 9-11-11.1 (b).[1] We have reviewed the record and determined that the statements at issue here were privileged as a matter of law and protected under Georgia's anti-SLAPP statute. We therefore reverse the trial court's denial of Harkins's motion to dismiss AHS's lawsuit initiated in response to these statements.

When a claim may have been interposed to chill an individual's right of free speech, the claimant must verify the complaint pursuant to the requirements of the anti-SLAPP statute or risk dismissal of the

---

[1] The facts of this case were stated in this Court's previous opinion. See *Harkins*, supra, 264 Ga. App. at 356-358. Additional facts will be given here only where necessary to make the findings requested by the Supreme Court.

claim. See OCGA § 9-11-11.1 (b); *Hawks v. Hinely*, 252 Ga. App. 510, 514-515 (1) (c) (556 SE2d 547) (2001). As this Court and the Supreme Court have held, the statute

> authorizes dismissal of a claim in the absence of a reasonable belief that it is well grounded in fact, and warranted by a good faith argument or existing law, or if the statements are privileged under paragraph (4) of Code Section 51-5-7. Determining whether any of these aforementioned grounds applies requires more than a simple determination as to whether [the procedural verification requirements of the anti-SLAPP statute have been met by a claimant]. Based on the plain language of the statute, existing case law, and the statute's express purpose . . . the verification requirement of the anti-SLAPP statute is procedural in nature in that verifications must contain certain assertions and must be filed within a certain time, but is also substantive in nature in that to determine whether the requirements of the statute have been met, the court must take a substantive look at the verification offered to ensure that the underlying lawsuit has not been initiated for an improper purpose.

(Punctuation omitted.) *Atlanta Humane Society*, supra, 278 Ga. at 454 (1); *Harkins*, supra, 264 Ga. App. at 360 (1).

"Statements made in good faith as part of an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern [are privileged]." OCGA § 51-5-7 (4); see also OCGA § 9-11-11.1 (b). The anti-SLAPP statute operates to protect a person from lawsuits that are initiated in response to such protected statements. See *Atlanta Humane Society*, supra, 278 Ga. at 452-453 (1); see also OCGA § 9-11-11.1 (b).

Here, the record reveals conclusively that the statements made by Harkins to WSB-TV were privileged. All of Harkins's statements were related to the policies and procedures of AHS and involved issues of public concern.[2] Harkins, a long-time animal rights activist, made her statements in good faith, believing that her efforts could "influence or persuade government officials and the public at large to help change the problems" at AHS. AHS cannot show that Harkins

---

[2] As noted in *Harkins*, supra, 264 Ga. App. at 361 (2), AHS received a significant level of public funding, and even the Fulton County Commission stated that the issue of AHS's services or alleged lack thereof "is of great concern to many, many citizens of Fulton County."

made the statements with malice or for any other reason than to prompt government action on this issue of public concern. See, e.g., *Rucker v. Gandy*, 158 Ga. App. 104, 105-106 (1) (279 SE2d 259) (1981). As such, her statements regarding AHS and its procedures were privileged as a matter of law, and AHS's lawsuit initiated in response to the protected statements should have been dismissed. See OCGA § 9-11-11.1 (b); see also *Atlanta Humane Society*, supra, 278 Ga. at 455-456 (2).

*Judgment reversed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JUNE 1, 2005 — 

*Stuckey & Manheimer, Hollie G. Manheimer, Gerald R. Weber, Jr.,* for appellant.

*Lipshutz, Greenblatt & King, Edward L. Greenblatt, James V. Zito, Janet L. Bozeman,* for appellees.

*Dow, Lohnes & Albertson, Christopher L. Meazell, Kesler T. Roberts,* amici curiae.