A08A1832. JENKINS v. ANDERSON.

(672 SE2d 418)

ANDREWS, Judge.

Robert Jenkins, a member of the Snellville City Council, sued Joe Anderson alleging that Anderson made various defamatory statements about him in numerous letters and e-mails sent to several individuals. Anderson filed a motion to dismiss the defamation claims asserting that the statements constituted free speech about public matters that was protected by Georgia's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, OCGA § 9-11-11.1. Jenkins appeals from the trial court's order granting the motion to dismiss. For the following reasons, we affirm in part and reverse in part.

1. Georgia's anti-SLAPP statute declares it to be in the public interest to encourage citizens to participate in matters of public significance by exercising the constitutional rights to free speech and to petition the government for redress of grievances, and to ensure that those rights are not chilled through abuse of the judicial process. OCGA § 9-11-11.1 (a); *Atlanta Humane Society v. Harkins*, 278 Ga. 451, 452 (603 SE2d 289) (2004). When the judicial process is used to assert a claim against a person or entity arising from an act which could reasonably be construed as in furtherance of those constitutional rights, OCGA § 9-11-11.1 (b) requires that a written verification accompany the claim which certifies

> that the party and his or her attorney of record, if any, have read the claim; that to the best of their knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good

---

538

faith argument for the extension, modification, or reversal of existing law; that the act forming the basis for the claim is not a privileged communication under paragraph (4) of Code Section 51-5-7; and that the claim is not interposed for any improper purpose such as to suppress a person's or entity's right of free speech or right to petition government, or to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

If the trial court makes a substantive, evidentiary determination that the verification is false because the claim infringes on the rights of free speech or petition as defined by the statute, then the court may dismiss the claim. OCGA § 9-11-11.1 (b); *Harkins*, 278 Ga. at 454.

After a hearing, the trial court made a substantive, evidentiary determination that the verification filed in this case was partially false because the statements Anderson made about Jenkins in a letter to the Snellville City Manager were privileged pursuant to OCGA § 51-5-7 (4).[1] We are unable to address Jenkins's claim that this determination was erroneous because the alleged statements in the letter are not part of the record on appeal. Although the record shows that the trial court considered the letter at the hearing, neither the letter nor the substance of the statements in the letter was included in the record transmitted to this Court, and Jenkins's appellate brief provides no record citation for the statements. Jenkins has the burden of showing affirmatively by the record that the trial court erroneously found that the statements in the letter were privileged pursuant to OCGA § 51-5-7 (4), and he cannot carry this burden on a record that does not contain the statements. *Walker v. Bd. of Regents &c.*, 254 Ga. App. 15, 18 (561 SE2d 178) (2002). "In the absence of a sufficient record, we must assume that the trial

---

[1] OCGA § 51-5-7 (4) defines as privileged communications:
Statements made in good faith as part of an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern, as defined in subsection (c) of Code Section 9-11-11.1.
Under OCGA § 9-11-11.1 (c), an act in furtherance of these constitutional rights in connection with an issue of public interest or concern
includes any written or oral statement, writing, or petition made before or to a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, or any written or oral statement, writing, or petition made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.

court's ruling was proper." (Punctuation and footnote omitted.) *Steele v. Atlanta Maternal-Fetal Medicine*, 283 Ga. App. 274, 277 (641 SE2d 257) (2007). Accordingly, we affirm the trial court's order to the extent it dismissed Jenkins's claim that Anderson defamed him in the letter to the Snellville City Manager.

2. To the extent the trial court's order may be construed to dismiss all the defamation claims alleged in the suit, including those based on other alleged letters and e-mails sent by Anderson, it is reversed. The only claim addressed by the trial court was based on the letter sent by Anderson to the Snellville City Manager.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 18, 2008 —
RECONSIDERATION DENIED JANUARY 14, 2009.

*Macklyn A. Smith*, for appellant.

*Webb, Tanner, Powell, Mertz & Wilson, Anthony O. L. Powell, Melody A. Glouton, James T. Perry*, for appellee.