**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 3, 2020**

# In the Court of Appeals of Georgia

A20A0004. JOSHUA DAVID MELLBERG, LLC et al. v. THE IMPACT PARTNERSHIP, LLC et al.

MILLER, Presiding Judge.

This appeals stems from a defamation lawsuit which The Impact Partnership, LLC, Tree Fine, and Jovan Will (collectively "Impact") filed against Joshua David Mellberg and Joshua David Mellberg, LLC (collectively "Mellberg").[1] Mellberg appeals from the trial court's order denying its motion to dismiss the lawsuit, arguing that the trial court erred in determining that the revised anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute did not apply retroactively to bar Impact's defamation claim and that the trial court erred by not striking Impact's

---

[1] Another defendant in the lawsuit, Christ Stanton, is not a party to this appeal.

complaint. Because the revised anti-SLAPP statute does not apply retroactively to bar Impact's defamation claim, we affirm the denial of Mellberg's motion to dismiss.

"On appeal, we conduct a de novo review of the denial of a motion to dismiss. In reviewing the trial court's order, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." (Citation and punctuation omitted.) *Emory Univ. v. Metro Atlanta Task Force for the Homeless, Inc.*, 320 Ga. App. 442, 443 (740 SE2d 219) (2013).

According to the complaint, which was filed in April 2014, the Impact Partnership, LLC offers services to assist financial advisors and agents in relation to insurance and annuity products. Impact alleged that Mellberg published and distributed a defamatory press release concerning Impact. Mellberg filed a motion to dismiss the lawsuit pursuant to former OCGA § 9-11-11.1, arguing in part that (1) the anti-SLAPP statute applied because the press release concerned a lawsuit in Arizona and was therefore a written statement made in connection with an issue under consideration or review by a judicial body; and (2) the claim should be dismissed because the press release was privileged and therefore the lawsuit was falsely

2

verified.[2] In February 2015, the trial court denied Mellberg's motion to dismiss after a hearing, concluding that the former anti-SLAPP statute did not apply to the press release.

More than three years after the trial court denied the initial motion to dismiss, Mellberg filed a motion to dismiss or strike the complaint pursuant to the revised anti-SLAPP statute, which became effective on July 1, 2016. Mellberg argued that the revised anti-SLAPP statute applies retroactively and that the press release is considered protected speech under the "broad reaching scope" of the revised statute. Mellberg argued that, under the revised statute, the plaintiff has the burden of demonstrating a probability of prevailing on the claim and that Impact lacked a factual or legal basis for its defamation claim. The trial court denied the motion,

_____

[2] Under former OCGA § 9-11-11.1 (b), claims that fell under the anti-SLAPP statute required a "written verification" certifying that the claim was

> well grounded in fact and [was] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the act forming the basis for the claim [was] not a privileged communication. . . ; and that the claim [was] not interposed for any improper purpose such as to suppress a person's or entity's right of free speech or right to petition government, or to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

determining that Mellberg was attempting to seek a substantive benefit from the revised statute; that the substantive provisions of the statute could not be applied retroactively in the absence of a provision allowing such treatment; and that because the lawsuit was filed more than two years before the statute was amended, Mellberg could not avail itself of any new substantive provisions of the revised statute.[3] This appeal followed.

In related enumerations of error, Mellberg argues that the trial court erred in ruling that the revised anti-SLAPP statute does not apply retroactively to Impact's defamation claim and that the trial court erred by not striking Impact's complaint under the revised anti-SLAPP statute. We discern no reversible error.

"'Strategic lawsuits against public participation,' or 'SLAPPs,' are meritless lawsuits brought not to vindicate legally cognizable rights, but instead to deter or punish the exercise of constitutional rights of petition and free speech by tying up their target's resources and driving up the costs of litigation." *Wilkes & McHugh, P.A.*

---

[3] Impact has filed a motion to dismiss, arguing that this Court lacks jurisdiction because Mellberg's second motion to dismiss was actually a motion for reconsideration, the denial of which is not subject to direct appeal. Mellberg's second motion to dismiss cannot properly be understood as a motion for reconsideration because Mellberg sought the application of new law. Accordingly, we deny Impact's motion to dismiss this appeal.

4

*v. LTC Consulting, L.P.*, 306 Ga. 252, 257 (2) (830 SE2d 119) (2019). Thus, anti-SLAPP statutes "typically provide for an early means of testing the bona fides of the plaintiff's claim. . . ." (Citation and emphasis omitted.) *Atlanta Humane Society v. Harkins*, 278 Ga. 451, 452 (1) (603 SE2d 289) (2004). Under the revised anti-SLAPP statute, "the analysis of an anti-SLAPP motion involves two steps. First, the court must decide whether the party filing the anti-SLAPP motion (usually, the defendant) has made a threshold showing that the challenged claim is one 'arising from' protected activity." *Wilkes & McHugh, P.A.*, supra, 306 Ga. at 261-262 (2) (b) (citing OCGA § 9-11-11.1 (b) (1)). "If a court concludes that this threshold showing has been made, it must proceed to the second step of the analysis and decide whether the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Punctuation omitted.) Id. at 262 (2) (b) (citing OCGA § 9-11-11.1 (b) (1)). A claim that satisfies both prongs of the anti-SLAPP statute is subject to being stricken. Id. at 262-263 (2) (b).

As relevant to Mellberg's second motion to dismiss, the revised statute differs from the old one in the following ways: (1) it contains a reconfigured scope of protected speech (OCGA § 9-11-11.1 (c) (1) - (4)); (2) the General Assembly has now directed that the Code section is to be construed broadly (OCGA § 9-11-11.1 (a)); and

5

(3) the probability-of-prevailing standard described above has been added to the statute (OCGA § 9-11-11.1 (b) (1)), and the written verification requirement has been removed. The revised statute itself is silent on the issue of retroactivity. OCGA § 9-11-11.1. As to whether a statute applies retroactively, the rule is that "legislation which involves mere procedural or evidentiary changes may operate retrospectively; however, legislation which affects substantive rights may only operate prospectively. The distinction is that a substantive law creates rights, duties, and obligations while a procedural law prescribes the methods of enforcing those rights, duties, and obligations." (Citations omitted.) *Fowler Properties, Inc. v. Dowland*, 282 Ga. 76, 78 (1) (646 SE2d 197) (2007).

The Georgia appellate courts have not engaged in extensive analysis regarding whether the statute (or parts thereof) is procedural or substantive so as to dictate whether retroactive application is appropriate.[4] Recently, in *Rogers v. Dupree*, 349 Ga. App. 777, 778, n.1 (824 SE2d 823) (2019), we noted that although the statute has been revised, the former version of the anti-SLAPP statute applied to the case because

---

[4] We have recognized that the former statute is both procedural and substantive in nature, though our decisions to this effect were not made in relation to retroactive/prospective application. See, e.g., *Atlanta Humane Society*, supra, 278 Ga. at 454 (1); *Hindu Temple & Community Center of High Desert, Inc. v. Raghunathan*, 311 Ga. App. 109, n.1 (714 SE2d 628) (2011).

6

the lawsuit was filed several years before the revision of the statute. Mellberg contends, however, that the *Rogers* decision does not evince that the parties were contesting retroactivity, and he maintains that the anti-SLAPP statute is a procedural mechanism which operates retroactively to bar Impact's defamation claim. Nonetheless, Mellberg has failed to demonstrate that Impact's complaint should be dismissed under the revised statute.

Even assuming, arguendo, that the revised anti-SLAPP statute (or parts thereof) could operate retroactively, "to apply a procedural statute retroactively generally does not mean that it applies with respect to prior filings, proceedings, and occurrences, but rather that the procedural change affects future court filings, proceedings, and judgments that arise from prior occurrences." *Murphy v. Murphy*, 295 Ga. 376, 378 (761 SE2d 53) (2014). As explained above, anti-SLAPP statutes customarily "provide for an early means of testing the bona fides of the plaintiff's claim. . . ." (Emphasis omitted.) *Atlanta Humane Society*, supra, 278 Ga. at 452 (1). And here, Impact filed its complaint and the trial court tested the bona fides of Impact's claim years before the revised statute became effective. The trial court examined Impact's filings (including its complaint and written verification), held a hearing, and ruled that the former anti-SLAPP statute did not apply to bar Impact's complaint. By urging the

7

retroactive application of the revised statute to prompt a dismissal of Impact's claim, Mellberg effectively seeks to both re-engage the anti-SLAPP vetting process that occurred prior to the statute's revision and subject Impact to an evidentiary burden that did not exist when it filed its complaint. This does not comport with Georgia law. See *Murphy*, supra, 295 Ga. at 378 (retroactive application of new statute was not grounds to dismiss appeal because the filing of the action, issuance of the order sought to be appealed, and filing of the notice of appeal, occurred prior to the effective date of the amendment).[5] Accordingly, the revised anti-SLAPP statute could not apply to effectuate a dismissal of Impact's defamation claim, and we affirm the trial court's denial of the motion to dismiss or strike under the revised statute.

*Judgment affirmed. Mercier and Coomer, JJ., concur.*

---

[5] Relying on *Rosser v. Clyatt*, 348 Ga. App. 40, 42 (2) (a) (821 SE2d 140) (2018) (physical precedent only), Mellberg contends that the revised statute applies retroactively to statements made before July 1, 2016. This argument does not aid Mellberg's position. In *Rosser*, at the time that the complaint was filed and the trial court assessed the bona fides of the plaintiff's claim, the revised statute was already in effect. Id. at 44 (2) (b).