## SECOND DIVISION
## MILLER, P. J.,
## HODGES and PIPKIN, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 2, 2021**

# In the Court of Appeals of Georgia

A21A0127. WELLSTAR HEALTH SYSTEMS, INC et al. v. ALFARO.

PIPKIN, Judge.

Appellant WellStar Health Systems, Inc. et al. ("WellStar") appeals the denial of its motion to dismiss and its motion to strike complaint. For the reasons set forth below, we vacate the judgment of the trial court and remand for further proceedings.

Appellee Jose Alfaro received medical treatment at WellStar after being involved in automobile collision; Alfaro did not have medical insurance at the time that he was treated, and his hospital bills went unpaid. WellStar subsequently filed a hospital lien pursuant to OCGA § 44-14-470 et seq. In response, Alfaro filed a complaint seeking declaratory and injunctive relief, alleging a breach of implied-in-fact contract and breach of fiduciary duties, asking for an accounting, and seeking

attorney fees and litigation expenses. WellStar then moved the trial court to dismiss the action pursuant to OCGA § 9-11-12 (b) (6) and moved to strike the complaint pursuant to OCGA § 9-11-11.1. The trial court denied both motions, relying on then-binding authority, including *Clouthier v. Med. Center of Central Ga, Inc.* 351 Ga. App. 883 (833 SE2d 584) (2019), and *Aguila v. Kennestone Hosp.*, 353 Ga. App. 17 (836 SE2d 179) (2019).

Just days after the trial court entered its orders, our Supreme Court overruled *Clouthier* and *Aguila* in *Bowden v. Med. Ctr.*, 309 Ga. 188 (2) (845 SE2d) (2020).[1] In light of the trial court's reliance on these now-overruled decisions to decide both

---

[1] It is of no consequence that the claims in this case are not identical to those raised in *Bowden*; each of the claims here are underpinned by the same legal assertion, namely, that WellStar's "liens are false and not filed for only 'the reasonable charges' as required by OCGA § 44-14-470." It was precisely this issue that our Supreme Court resolved in *Bowden*, concluding that "there is nothing 'fraudulent' about [the hospital] using its standard chargemaster rates as 'the amount claimed to be due for the hospital' to perfect its lien for its 'reasonable charges' against [a patient's] potential tort recovery." Id. at 202 (2).

motions,[2] we vacate the trial court's orders and remand for reconsideration in light of *Bowden*.[3]

*Judgment vacated and case remanded. Miller, P. J., and Hodges, J., concur.*

---

[2] Our conclusion here does not change simply because the trial court did not expressly rely on *Aguila* and *Clouthier* in every part of its order; as explained above, each of Alfaro's substantive claims pertain to WellStar perfecting its lien using chargemaster rates as the "amount claimed to be due," which our Supreme Court has now ruled is permitted under OCGA § 44-14-470.

[3] We note that the trial court's reconsideration of Appellant's motion to dismiss will also require the trial court to reconsider Alfaro's request for an accounting, attorney fees, and expenses of litigation, all of which are dependent on the viability of his substantive claims. Finally, WellStar's motion to strike pursuant to OCGA § 9-11-11.1 may be rendered moot by the trial court's reconsideration of the motion to dismiss. See *Atlanta Humane Society v. Harkins*, 278 Ga. 451, 456 (2) (603 SE2d 289) (2004).

3