**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 15, 2022**

# In the Court of Appeals of Georgia

A22A1466. BARNWELL v. TRIVEDI.

DOYLE, Presiding Judge.

C. Napoleon Barnwell sued Ankur Pankaj Trivedi for defamation. Trivedi

moved to dismiss the case for failure to state a claim and for violation of Georgia's

anti-SLAPP statute.[1] The court granted the motion, and Barnwell appeals. We affirm

for the reasons that follow.

The record shows that Barnwell and Trivedi are licensed Georgia attorneys

who at one point represented opposing parties in a case in the Superior Court of

DeKalb County.[2] Barnwell employed law student Renee E. Taylor, who conducted

depositions in the case. After suspecting and confirming that Taylor was not a

---

[1] See OCGA § 9-11-11.1.

[2] See *Moore v. Collins*, Superior Court of DeKalb County, CAFN:20A80118.

licensed member of the Bar when she took the deposition,[3] Trivedi secured transcripts of depositions from matters handled by other law firms in which Taylor also conducted depositions prior to becoming licensed to practice law. As a result of his investigation, Trivedi filed in the State Bar of Georgia a grievance against Taylor for holding herself out as an attorney and conducting depositions prior to obtaining her provisional license to practice law and a grievance against Barnwell for facilitating and promoting the unauthorized practice of law ("UPL") by Taylor.

Trivedi also moved for sanctions in the DeKalb County case. At the hearing on the motion, Barnwell took the position that Taylor, his intern and a law student at John Marshall Law School, was authorized to practice law under the Supreme Court of Georgia's Student Practice Rule.[4] At the hearing, the judge concluded that Taylor's

___

[3] On January 19, 2021, after she took the deposition in the DeKalb County case, Taylor was provisionally licensed to practice law. See April 17, 2020 Supreme Court of Georgia order: "IN RE: PROVISIONAL ADMISSION TO THE PRACTICE OF LAW IN GEORGIA" (providing provisional admission to certain recent law school graduates in response to postponement of the July 2020 administration of the Georgia bar examination resulting from COVID-19). (https://www.gasupreme.us/court-information/court_corona_info/).

[4] See Student Practice Rule, Ga. Supreme Court Rule 92 (providing permissible activities by a law student registered to practice pursuant to the rule) (https://www.gasupreme.us/rules/rules-of-the-supreme-court-of-georgia/#XV8-15-15).

actions were not permitted under the Student Practice Rule and that Barnwell violated the rule by permitting her to take the depositions.

Barnwell filed the instant case against Trivedi in the Superior Court of Gwinnett County, alleging claims for defamation/slander by: (1) filing the motion for sanctions in the DeKalb County case; (2) filing the Bar complaint; and (3) expressing to other lawyers that Barnwell engaged in UPL. Trivedi moved to dismiss the case for failure to state a claim and for violation of Georgia's anti-SLAPP statute. At the hearing on the motion to dismiss, Barnwell abandoned his claims based on Trivedi's statements in the Bar complaint and in the sanctions motion in the DeKalb County case, conceding that the statements constituted protected speech under Georgia law,[5] but he argued that his claim that Trivedi slandered him to other attorneys remained actionable.

The trial court dismissed Barnwell's case, finding that he failed to establish a possibility that he would prevail on his remaining claim because there was no

---

[5] See OCGA §§ 51-5-8 ("All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous."); 9-11-11.1 (b) (1), (c) (1), (2)").

evidence that Trivedi made statements regarding Barnwell assisting in Taylor's UPL to any lawyers other than those in Trivedi's law firm, nor was there evidence that Trivedi said anything that was not already a matter of public record. This appeal followed.

Barnwell argues that the trial court erred by dismissing his case pursuant to the anti-SLAPP statute. We disagree.

"The General Assembly enacted the anti-SLAPP statute to encourage Georgians to participate 'in matters of public significance and public interest through the exercise of their constitutional rights of petition and freedom of speech.'"[6] The statute provides protection for claims

> against a person . . . arising from any act of such person . . . which could reasonably be construed as an act in furtherance of the person's . . . right of petition or free speech under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern. . . .[7]

---

[6] *RCO Legal, P.S., Inc. v. Johnson*, 347 Ga. App. 661, 666 (2) (a) (820 SE2d 491) (2018), quoting OCGA § 9-11-11.1 (a).

[7] OCGA § 9-11-11.1 (b) (1).

4

A claim arising from an act described in the anti-SLAPP statute is subject to a motion to strike (or, as pleaded in this case, a motion to dismiss), "unless the court determines that the nonmoving party has established that there is a probability that the nonmoving party will prevail on the claim.'"[8]

Thus, there is a two-step analysis of an anti-SLAPP motion to strike (or, as in this case, a motion to dismiss based on the statute).[9] "First, the court must decide whether the party filing the anti-SLAPP motion . . . has made a threshold showing that the challenged claim is one arising from protected activity. If so, the court must decide whether the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."[10] When making that determination, "a court shall consider the pleadings and the supporting and opposing affidavits stating the facts upon which the liability or defense is based."[11]

---

[8] OCGA § 9-11-11.1 (b) (1).

[9] See *Wilkes & McHugh, P.A. v. LTC Consulting, L.P.*, 306 Ga. 252, 261 (830 SE2d 119) (2019).

[10] (Citations and punctuation omitted.) *ACLU, Inc. v. Zeh*, 312 Ga. 647, 650 (1) (a) (864 SE2d 422) (2021), quoting id. at 261-262 (1) (a).

[11] OCGA § 9-11-11.1 (b) (2).

On appeal, we review de novo the trial court's ruling on an anti-SLAPP motion to strike or dismiss. "We also remain mindful of the General Assembly's directive to construe the statute 'broadly' to accomplish its declarations."[12]

Turning to this case, we must first determine whether Trivedi's comments could be construed as an act in furtherance of his right of petition or free speech under the Constitutions of the United States or Georgia "in connection with an issue of public interest or concern."[13] The anti-SLAPP statute contains a non-exhaustive list of acts that meet this threshold:

> As used in this Code section, the term "act in furtherance of the person's or entity's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern" shall include:
>
> (1) Any written or oral statement or writing or petition made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
>
> (2) Any written or oral statement or writing or petition made in connection with an issue under consideration or review by a legislative,

---

[12] *RCO Legal*, 347 Ga. App. at 667 (2) (a), quoting OCGA § 9-11-11.1 (a).

[13] OCGA § 9-11-11.1 (b) (1).

6

executive, or judicial body, or any other official proceeding authorized by law;

(3) Any written or oral statement or writing or petition made in a place open to the public or a public forum in connection with an issue of public interest or concern; or

(4) Any other conduct in furtherance of the exercise of the constitutional right of petition or free speech in connection with a public issue or an issue of public concern.[14]

Here, Barnwell contends that Trivedi communicated with other attorneys about the deposition, alleging that Barnwell was participating in and encouraging Taylor's UPL. This Court has held that "issues before the State Bar involving conduct of attorneys are official proceedings authorized by law and, therefore, covered by the Anti-SLAPP statute."[15] Every lawyer in Georgia has a duty to report violations of the Georgia Rules of Professional Conduct, and lawyers are prohibited from assisting in

---

[14] OCGA § 9-11-11.1 (c).

[15] (Punctuation omitted.) *Jefferson v. Stripling*, 316 Ga. App. 197, 200 (1) (728 SE2d 826) (2012), quoting *Hindu Temple &c. v. Raghunathan*, 311 Ga. App. 109, 114-115 (1) (714 SE2d 628) (2011); *Harkins v. Atlanta Humane Society*, 273 Ga. App. 489, 490 (618 SE2d 16) (2005). See also *RCO Legal*, 347 Ga. App. at 668 (2).

UPL.[16] Additionally, Georgia law protects as privileged certain communications, including:

> [s]tatements made in good faith in the performance of a public duty; . . . [s]tatements made in good faith in the performance of a legal or moral private duty; . . . [and s]tatements made in good faith as part of an act in furtherance of the person's . . . right of petition or free speech under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern, as defined in subsection (c) of Code Section 9-11-11.1.[17]

Trivedi argues that there is no evidence that his statements to "other lawyers" were made in bad faith and that any such statements were made in the execution of his ethical and legal duties as an attorney. Pretermitting, however, whether statements to "other lawyers" about Trivedi's involvement in assisting in Taylor's UPL

---

[16] See Ga. Rules of Professional Conduct 5.5 (a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist another in doing so.") ; 8.3 (a) ("A lawyer having knowledge that another lawyer has committed a violation of the Georgia Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness[,] or fitness as a lawyer in other respects, should inform the appropriate professional authority."). See also OCGA § 15-19-51 (a) (defining UPL).

[17] OCGA § 51-5-7 (1), (2) and (4).

constitute protected activity, Barnwell has failed to establish that there is a probability that he will prevail on this claim.

"To establish a cause of action for defamation, a plaintiff must submit evidence of (1) a false and defamatory statement about himself; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words 'injurious on their face.'"[18] "Publication is indispensable to recover for slander. Generally, publication is accomplished by communication of the slander to anyone other than the person slandered."[19] "Georgia courts have . . . refined the broad definition of publication so that, when the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive information, there is no publication of the

---

[18] *RCO Legal*, 347 Ga. App. at 668 (2) (c), quoting *Chaney v. Harrison & Lynam*, LLC, 308 Ga. App. 808, 811 (1) (708 SE2d 672) (2011).

[19] (Citation and punctuation omitted.) *Kurtz v. Williams*, 188 Ga. App. 14, 15 (3) (371 SE2d 878) (1988), quoting *Walter v. Davidson*, 214 Ga. 187, 190 (104 SE2d 113) (1958).

allegedly slanderous material, and without publication, there is no cause of action for slander."[20]

To support his remaining defamation claim, Barnwell points to Trivedi's responses to requests for admission in which Trivedi admitted that he "communicated with lawyers working at different law firms to obtain transcripts," which he forwarded to the Bar in connection with his complaint against Barnwell and used to support his sanctions motions in the DeKalb County case.[21] Barnwell contends that these admissions supported an inference that Trivedi discussed the alleged UPL with these attorneys outside of his law firm. But Barnwell overlooks Trivedi's denial to a request for admission that he "expressed to other lawyers that [Barnwell] violated the law by aiding and abetting in the commission of the UPL."

To determine whether a plaintiff has

*establish[ed] a probability of prevailing on a defamation claim, . . . though the [trial] court . . . does not weigh the credibility or*

---

[20] *RCO Legal*, 347 Ga. App. at 673 (2) (c) (iii).

[21] Barnwell also points to Trivedi's admissions that he communicated with lawyers in his own firm about his allegations against Barnwell regarding filing the Bar complaint and motion for sanctions. But again, there is no publication of communications made between group or association members that is heard by another who has reason to receive the information because of his or her duty. *RCO Legal*, 347 Ga. App. at 673 (2) (c) (iii).

10

*comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.* In making this assessment[,] it is the court's responsibility to accept as true the evidence favorable to the plaintiff. In this regard, the merits of the plaintiff's claim are evaluated using a summary-judgment-like procedure at an early stage of the litigation.[22]

Accordingly, we accept as true the evidence that Trivedi communicated with other lawyers to obtain transcripts of depositions involving Taylor. But asking lawyers for deposition transcripts is not in and of itself defamatory. And Barnwell's argument regarding the inferences drawn from that evidence is without merit in light of Trivedi's denial that he discussed with lawyers other than those in his firm Barnwell's involvement in Taylor's alleged UPL. Therefore, the trial court did not err by granting Trivedi's motion to dismiss based on the anti-SLAPP statute.

*Judgment affirmed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[22] (Citation and punctuation omitted; emphasis added.) *ACLU*, 312 Ga. at 652 (1) (c), quoting *Wilkes*, 306 Ga. at 262 (2) (b); *Soukup v. Law Offices of Herbert Hafif*, 139 P3d 30, 51 (Cal. 2006).